MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelica L. Howard,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Maricopa County Sheriff's Office,<br><br>　　　　Defendant. | No.  CV-25-01234-PHX-JAT (CDB)<br><br>**ORDER** |

**I.    Background**

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved complaint form.  Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case**."  Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona at 2 (emphasis in original).  In addition, Local Rule of Civil Procedure 83.3(d) requires an unrepresented incarcerated party to submit a notice of change of address within seven days after a change of address.

On April 14, 2025, self-represented Plaintiff Angelica L. Howard, who was then confined in a Maricopa County Jail, filed a civil rights Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  On April 16, the Clerk of Court mailed Plaintiff a Notice of Assignment that, among other things, warned Plaintiff that she must

file a notice of change of address if her address changed and that this case would be dismissed if she failed to do so.

On April 24, 2025, the Notice of Assignment was returned to the Court, with a notation that Plaintiff was no longer in custody. Plaintiff has not filed a Notice of Change of Address or otherwise notified the Court of her current address.

## II.     Failure to Prosecute

Plaintiff has the general duty to prosecute this case. *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a self-represented plaintiff to keep the Court apprised of her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of her new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case on its own for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors

favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

The first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of her address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the dismissal order states otherwise." The Court finds a dismissal with prejudice would be unnecessarily harsh and, therefore, will dismiss the Complaint and this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied as moot**.

Dated this 30th day of April, 2025.

James A. Teilborg
Senior United States District Judge